**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUIS ANTONIO LOPEZ SALAN, A248-002-247,**<br>**Petitioner,**<br>**v.**<br>**JOSHUA JOHNSON et al.,**<br>**Respondents.** | **NO. 5:26-cv-05332-KS**<br><br>**MEMORANDUM OPINION AND ORDER GRANTING HABEAS PETITION** |

Before the Court is a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") filed by Petitioner Luis Antonio Lopez Salan ("Petitioner" or "Mr. Lopez Salan") on September 14, 2026. (Dkt. No. 1.[1]) For the following reasons, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a native and citizen of Guatemala. (Dkt. No. 1 ¶ 27.) He has resided continuously in the United States for more than twenty years and is married to a U.S. citizen. (*Id.* ¶ 1.) Mr. Lopez Salan is currently detained at the Adelanto ICE Processing Center. (*Id.* ¶ 4.) Petitioner has been detained since June 18, 2026, when he was stopped and arrested by

[1] The Court's page citations refer to the page numbers provided by its CM-ECF docketing system that appear near the top right corner of each page.

immigration officers while driving on Highway 395 on his way to visit a friend. (*Id.* ¶ 2.) According to the Petition, ICE was "searching for a different individual entirely unrelated to Mr. Lopez Salan" when ICE "[o]fficers mistakenly identified Mr. Lopez Salan as the person they were seeking." (*Id.*)

After realizing their mistake, ICE officers did not release Mr. Lopez Salan but took him into custody solely on the basis of his immigration status, without a warrant, and "without any individualized reason to believe that he was likely to escape before a warrant could be obtained, as required by U.S.C. § 1357(a)(2)." (*Id.* ¶ 3.) A Notice to Appear ("NTA"), dated June 28, 2026, charges him as inadmissible under 8 U.S.C. §1182(a)(6)(A)(i) of the Immigration and Nationality Act, as amended. (Dkt. No. 3 (alleging Petitioner is "a[] [noncitizen] present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General").) Petitioner was ordered to appear before an immigration judge at the Adelanto Detention Facility West on August 7, 2026. (*Id.*) As of the filing date of the Petition, Petitioner maintains that he has been detained since June 28, 2026, without ever receiving a bond hearing before an immigration judge. (*Id.* ¶ 5.)

Petitioner challenges his detention and continued confinement as violating due process based on: (a) his warrantless arrest under 8 U.S.C. § 1357(a)(2) in violation of the Fourth Amendment (Count One); (b) his detention, as a noncitizen apprehended in the interior of the United States, under § 1226(a) instead of § 1225(b)(2) (Count Two); (c) the unlawful denial of an individualized bond determination before an immigration judge pursuant to *Rodriguez Vazquez v. Bostock*, No. 25-6842, in violation of the Immigration and Nationality Act ("INA") and the Administrative Procedure Act (Count Three); and (d) violation of his right to procedural due process based on his prolonged detention without a bond hearing (Count Four ). (Dkt. No. 1 ¶¶ 36-99.)

\\

Petitioner requests as relief, *inter alia*, that the Court declare his arrest violated 8 U.S.C. § 1357(a)(2); declare the denial of a bond redetermination hearing before an immigration judge violated the INA, the APA, and the Due Process Clause; grant a writ of habeas corpus ordering his immediate release, or "requiring Respondents to provide him a bond hearing before an immigration judge within 14 days"; set aside Respondents' unlawful detention policy under the APA, 5 U.S.C. § 706(2); award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 504, or any other applicable law; and "such further relief as this Court deems just and proper." (*Id.* at 13-14.)

On September 22, 2026, Respondents filed a 3-page Response[2] in which they concede that Petitioner is eligible for an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). (Dkt. No. 8 at 2.) Respondents, however, dispute that Petitioner is entitled to immediate release and maintain that Petitioner is "[p]roperly detained pending such potential bond proceedings because this is the Petitioner's first detention and he was not previously released form immigration detention or paroled." (*Id.*) Respondents further assert that because Petitioner has not yet requested such a bond hearing from the Immigration Court, Petitioner has not yet properly exhausted available administrative remedies and the Petition is defective as a result. (*Id.*) According to Respondents, requiring Petitioner to first exhaust this administrative remedy "is not futile, because the Ninth Circuit's issuance of the *Rodriguez Vazquez v. Bostock* decision on July 30, 2026 has now resolved this legal issue within the Ninth Circuit." (*Id.*) Finally, Respondents contend "because the Petitioner has an adequate remedy for their compliant of unjustified detention, the Petition should be denied, and judgment should be entered for the Respondents." (*Id.* at 3.)

Petitioner filed his Reply on September 24, 2026, reiterating that the Court should grant the Petition and order Petitioner's release. (Dkt. No. 9.) Specifically, Petitioner emphasizes that

---

[2] The Response was captioned "Federal Respondents' Response to Petitioner's *Ex Parte* Application for Temporary Restraining Order ("TRO"). But there is no indication on the docket that this Petitioner ever sought a TRO.

Respondents' 3-page response concedes that because Petitioner was apprehended in the interior of the United States, he is detained under 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), and is, therefore, entitled to request and receive an initial bond hearing under *Rodriguez Vasquez v. Bostock*. This concession, Plaintiff argues, "resolves Count Two in Petitioner's favor." (Reply at 2.) Further, Petitioner rejects Respondents' argument that because Petitioner seeks a bond hearing at the outset, he has failed exhaust under the APA and therefore should now be required to wait to have a *Rodriguez* bond hearing after 180 days of detention. (*Id.*) Petitioner emphasizes that exhaustion is prudential "and every factor that would excuse it is present here[.]" (*Id.*)

## LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under § 2241 for noncitizens subject to detention following an order of removal).

## DISCUSSION

Petitioner asserts five claims for relief: (1) Petitioner's arrest without a pre-detention hearing violates his Fifth Amendment Procedural Due Process rights (Dkt. No. 1 ¶¶ 29-39); (2) Petitioner's arrest without a warrant violates 8 U.S.C. § 1226(a) (*id.* ¶¶ 40-48);

(3) Petitioner's detention violates his Fourth Amendment right against unreasonable seizure (*id.* ¶¶ 49-51); (4) Petitioner's ongoing detention violates his due process rights (*id.* ¶¶ 52-60); and (5) Petitioner's detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (*id.* ¶¶ 61-66). Mr. Lopez Salan maintains that release from detention is the proper remedy for the due process violations asserted here. (*Id.* at 20.) Respondents oppose the relief requested, arguing that the appropriate habeas relief is an individualized bond hearing. (Dkt. No. 7 at 2-3.) Because Respondents only oppose the relief requested, the Court addresses Petitioner's claims under § 1226(a) to determine whether immediate release is appropriate.

Here, Petitioner is correct that Respondents unlawfully applied 8 U.S.C. § 1225(b)(2) to Petitioner, when in fact he is detained under 8 U.S.C. § 1226(a). (Dkt. No. 1 ¶¶ 19-22.) Indeed, Respondents concede as much. (Dkt. No. 8 at 2.) Given the already extended period of Petitioner's detention based on a warrantless arrest, Respondents' post-arrest creation of a form I-200 for Mr. Lopez Salan (as evidenced by the I-213 narrative), Respondents' failure to make any finding that Petitioner was a flight risk or danger to the community, and the withholding of a bond hearing, warrants immediate release from custody.

"Section 1226(a) 'sets out the general rule' for 'the arrest, detention, and release' of '[noncitizens] present in the country' 'who are believed to be subject to removal.'" *Orea Ruiz*, 2026 WL 2644102, at *3 (quoting *Nielsen v. Preap*, 586 U.S. 392, 396 (2019)). The procedural protections under § 1226(a) and its regulations include, *inter alia*: (1) a general requirement that arrest of a noncitizen requires an administrative warrant (Form I-200) issued by certain immigration officers, *see* 8 C.F.R. § 236.1(b)[3]; (2) an initial custody determination by a Department of Homeland Security ("DHS") officer shortly after the outset of detention, in which the noncitizen has the opportunity to "demonstrate to the satisfaction of the officer that

---

[3] For a DHS officer to conduct a warrantless arrest, they must have "probable cause to believe a person is subject to removal and 'is likely to escape before a warrant can be obtained for his arrest.'" *Orea Ruiz*, 2026 WL 2644102, at *3 (quoting 8 U.S.C. § 1357(a)(2)).

such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding," *see* 8 C.F.R. § 1236.1(c)(8); (3) the right to seek review of the officer's initial custody determination through a prompt bond hearing before an IJ based on individualized evidence, wherein the IJ will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)); (4) the right to appeal an adverse IJ bond decision to the BIA, *see Rodriguez Diaz*, 53 F.4th at 1197 (citing 8 C.F.R. § 236.1(d)(3)); and (5) the right to "request an additional bond hearing whenever he experiences a material change in circumstances," *Rodriguez Diaz*, 53 F.4th at 1197. *See Orea Ruiz*, 2026 WL 2644102, at *4 (explaining this statutory and regulatory framework of § 1226(a)); *Garcia-Maya*, 2026 WL 1965886, at *4 (listing such § 1226(a) protections); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (listing cases where courts have determined such violations of the § 1226(a) requirements to be "a sufficient basis mandating a petitioner's release").

Here, Petitioner contends that he was not provided that due process he was statutorily entitled to under § 1226(a). (Dkt. No. 1 ¶¶ 40-48.) Respondents did not provide Petitioner with a warrant for his arrest. The I-200 warrant was purportedly served at 6:15 a.m. on June 28, 2026. (*See* Dkt. No. 8-2.) But Respondents' own documents contradict that representation. Indeed, the narrative in the I-213 indicates that an I-200 warrant had been issued for a person by the name of "MARTINEZ." (Reply at 8.) Petitioner emphasizes that "every fact on which the warrant purports to rest was learned after 6:15 a.m. [and] [a] warrant cannot be served on a person before officers know who he is." (*Id.*) The Court agrees, and Respondents do not otherwise contend that Petitioner's detention was effected based on probable cause. Further, Respondents present no evidence that Petitioner has any criminal record, and it is undisputed that Petitioner had no individualized bond hearing to determine whether he was a danger to the

community or flight risk. Notably, there is nothing in the record before this Court to suggest that Petitioner, who has lived productively in the United States for more than twenty years and is married to a U.S. citizen, poses any danger or risk to the safety of the community.

It is, therefore, undisputed that Respondents did not comply with § 1226(a)'s requirements. Thus, Petitioner's detention has been "unlawful from the outset." *Orea Ruiz*, 2026 WL 2644102, at *7; *see Torres Huerta v. Facility Adm'r, Cent. Valley Annex ICE Processing Ctr.*, No. 1:26-cv-04609 (VC), 2026 WL 2751763, at *1 (E.D. Cal. Sept. 16, 2026) (finding that, because respondents "have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, his continued detention without any kind of custody determination is unlawful"); *Zurita Navarro*, 2026 WL 2294963, at *2 (finding petitioner's detention unlawful where respondent failed to provide a warrant of arrest, to indicate whether an authorized immigration official made an initial custody determination, or to provide the basis for custody or whether petitioner had notice).

**RELIEF**

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); *see also Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022) ("Declaratory and injunctive relief are proper habeas remedies.").

Here, the Court agrees with Petitioner that the remedy Respondents offer, a belated bond hearing before an immigration judge, is "not secure." (Reply at 5.) Such relief would not address all of Petitioner's claims, including that ICE's arrest violated 8 U.S.C. § 1357(a)(2), and the warrantless arrest violated constitutional due process requirements. *Id*. Respondents'

exhibits plainly evidence that the I-200 created to support Petitioner's apprehension was issued *after* Petitioner's arrest and without any evidence to suggest Mr. Lopez Salan was "likely to escape before a warrant [could] be obtained for his arrest." (*Id.* at 7.) Even if a bond hearing is provided in the future, that relief may prove illusory because Respondents, in a footnote, "preserve the right to deny relief in the future," so after holding the bond hearing that Petitioner was entitled to months ago, it is likely that any such hearing would be strictly performative.

## ORDER

For the foregoing reasons, the Petition is **GRANTED as follows**. **IT IS ORDERED** that:

(1) Petitioner's warrantless arrest violated 8 U.S.C. § 1357(a)(2);

(2) Respondents' denial of a bond hearing before an immigration judge violated the INA, the APA, and the Due Process Clause of the Fifth Amendment;

(3) Any failure by Petitioner to exhaust under the APA is excused;

(4) Respondents shall **immediately release** Petitioner (A-File No. 248-002-247) from custody under the same conditions that were in place before his detention on June 28, 2026, and to return all of his property, including all identification and immigration documentation;

(5) Respondents are enjoined from re-detaining Petitioner without notice and a meaningful opportunity to be heard before a neutral decisionmaker; and

(6) Respondents shall file a notice within three (3) days of the Court's order confirming Petitioner's release.[4]

---

[4] Petitioner also requests an award of costs and attorney fees. (Dkt. No. 1 at 20.) Any request for costs and fees must be filed separately and in accordance with the deadlines set by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

Judgment will be entered accordingly.

DATED: November 5, 2026

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE